IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Trihealth, Inc., | ) | Case No. 1:12-cv-00901 |
| | ) | |
| | ) | Hon. Sandra S. Beckwith |
| Plaintiff, | ) | Mag. Judge Karen L. Litkovitz |
| | ) | |
| v. | ) | |
| | ) | |
| Attachmate Corp., | ) | |
| | ) | |
| Defendant. | ) | |

---

**STIPULATED PROTECTIVE ORDER**

---

WHEREAS, the parties in the above-captioned matter anticipate that they will make available in discovery certain information of a confidential nature and the parties have agreed that the following restrictions shall apply to such information, it is ordered, pursuant to Fed. R. Civ. P. 26(c), that the following provisions shall govern the documents, materials, deposition testimony and other things or other portions thereof (and the information contained therein) produced by the parties or non-parties to this litigation (collectively "Discovery Materials"). The "Litigation" means the above-captioned matter (or as the caption may be modified), and any appeal from, through final judgment.

**1. Designation of "Confidential" and "Highly Confidential/Attorney Eyes Only" Discovery Material.**

All Discovery Materials, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom or portion thereof produced by the parties or non-parties, whether pursuant to subpoena, order of the court or voluntarily, may be designated by any party or other person, including non-party recipients of discovery requests as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS EYES ONLY," if such party or person believes in good faith, upon reasonable inquiry, that the Information qualifies as such.

(a) "CONFIDENTIAL" information means information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as confidential information.

(b) "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY" information is all non-publicly available information of a highly sensitive or proprietary nature, including personal and confidential information relating to current and former employees, financial information, information technology and data processing, trade secret and proprietary information, highly sensitive and nonpublic research and analysis, customer information, highly sensitive marketing and strategic business

planning information (including past information indicating current practices), current or any future pricing information, information relating to research, development, testing of, and plans for, a party's existing and proposed future products, information relating to the processes, apparatus, or analytical techniques used by a party in its past, present or proposed commercial production of such products, information relating to acquisitions or potential acquisitions of assets, intellectual property or businesses, communications regarding the Highly Confidential material, deposition testimony, interrogatory responses, or other Discovery Material or testimony regarding the Highly Confidential material, and any other information that a party believes in good faith could be used by a competitor to harm its business; and personal, health or medical information that is protected from disclosure by operation of federal and state constitutional, statutory and regulatory law protecting the privacy rights of individuals including HIPAA.

**2. Method for Designating "Confidential" and "Highly Confidential/Attorney Eyes Only" Discovery Material.**

Designation of Discovery Material as "Confidential or "Highly Confidential/Attorney Eyes Only" shall be made by affixing to each such Discovery Material one of the following legends:

- **CONFIDENTIAL**

- **HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY**

(a) This legend shall be affixed to each page of any document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY," but shall not obscure any part of the text. A designation shall subject the document, and its contents, to this Order without any further action.

3

(b) A party or person may designate electronic native format files as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY," as appropriate, by noting such designation in an accompanying cover letter and on the CD or other media device on which such files are produced, without need to include additional designations within each electronic native format file.

(c) With respect to answers to interrogatories or requests for admission, each page of these responses containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY," information shall be so marked.

(d) Any person giving deposition or hearing testimony in this litigation proceeding may designate any or all of the testimony "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY," on the record while the deposition is being taken, either personally or through counsel. Additionally, a party may designate all, or any portion of, the transcript of any deposition (or any other testimony) as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY," information by notifying the opposing party in writing, within five (5) business days of receipt of the final transcript (receipt of rough draft will not count towards the 5 business days). All such transcripts shall provisionally be treated as "Highly Confidential Attorney Eyes Only" until the later of the date the testimony is so designated, or five (5) business days after the final transcript is received.

3. **Use of Discovery Material.**

As to Discovery Material or portions thereof, the receiving party shall not disclose such Discovery Material or portion (or the contents thereof) to others or otherwise use Discovery Material or portion (or the contents thereof) for any purpose other than the Litigation and in accordance with the terms of this Order.

4

Notwithstanding this provision, a receiving party's use of Discovery Material that already is publicly available is not restricted.

   **4. Disclosure of and Access to "Confidential" Discovery Material.**

   "Confidential" Discovery Material may be disclosed, as necessary, to:

   (a)   The Court and Court personnel;

   (b)   Court reporters, mediators, and the employees of such persons;

   (c)   Attorneys of record for a party, and their employed secretaries, paralegals, legal assistants, as well as outside support services hired by such attorneys (including, without limitation, copy services, document management services, and graphic services), without such persons signing a confidentiality agreement;

   (d)   In-house counsel for a party;

   (e)   The parties;

   (f)   An expert or consultant ("Independent Advisor") who is retained for this Litigation by the attorneys of record;

   (g)   Any person who is identified as having prepared, received, reviewed or been provided access to the "Confidential" material prior to its production in the Litigation;

   (h)   Any person who has been noticed for deposition or as a witness at trial, and has executed Exhibit A to this Protective Order, provided however that such disclosure may only occur for the purpose of conducting the deposition or examination of the person, or assisting in the preparation of such person for deposition or examination at trial and only if counsel has a good faith belief that the witness has relevant information regarding the Confidential Discovery Material; and

(i) Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

5. **Disclosure of and Access to "Highly Confidential/Attorney Eyes Only" Discovery Material.**

"Highly Confidential/Attorney Eyes Only" Discovery Material may be disclosed, as necessary, to:

(a) The Court and Court personnel;

(b) Court reporters, mediators, and the employees of such persons;

(c) Attorneys of record for a party, and their employed secretaries, paralegals, legal assistants, as well as outside support services hired by such attorneys (including, without limitation, copy services, document management services, and graphic services), without such persons signing a confidentiality agreement;

(d) In-house counsel for a party who have executed Exhibit A to this Protective Order;

(e) An expert or consultant ("Independent Advisor") who is retained for this Litigation by the attorneys of record and who has executed Exhibit A to this Protective Order, but only if such expert or consultant is **not** a current or former employee of a party or subsidiary or affiliate of a party. Should a party engage an Independent Advisor who falls into this category, prior to disclosing any "Highly Confidential/Attorney Eyes Only" information, the party seeking to disclose the "Highly Confidential Attorney Eyes Only" information to the Independent Advisor must provide to all other parties in writing the name and current employer of the Independent Advisor; a current resume; and a signed copy of Exhibit A hereto. Within five (5) business days, any party that has a good faith objection to the disclosure of its "Highly

Confidential/Attorney Eyes Only" Discovery Material to the Independent Advisor shall convey in writing its objection, including the basis for such objection. The parties shall confer promptly in an effort to resolve such objections. If the parties are unable to resolve their dispute, the objecting party shall file a motion for protective order to prevent disclosure to the Independent Advisor;

(f) Any person who is identified as having prepared, received, reviewed or been provided access to the "Highly Confidential/Attorney Eyes Only" material prior to its production in the Litigation; and

(g) Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

### 6. Challenge to Designation of "Confidential" or "Highly Confidential/Attorney Eyes Only" Discovery Material.

The designation of any Discovery Material as "Confidential" or "Highly Confidential/Attorney Eyes Only" is subject to challenge by any party. The following procedure shall apply to any challenge:

(a) Meet and Confer. A party challenging the designation of Confidential or Highly Confidential/Attorney Eyes Only Discovery Material must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designating material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure, Local Rule 37.1 and 37.2. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the Discovery Materials as Confidential or Highly Confidential/Attorney Eyes Only under the terms of this Order.

7. **Duties of Counsel to Act With Respect to this Protective Order.**

Counsel for the receiving party shall make a good-faith effort to ensure compliance with the provisions of this Order. In the event of new counsel and/or change in counsel, the parties and/or retiring counsel shall fully instruct new counsel of their responsibilities under this Order. Counsel for the receiving party agrees to notify all persons to whom "Confidential" or "Highly Confidential/Attorney Eyes Only" Discovery Material may be disclosed pursuant to Paragraphs 4 and 5 of their obligations to abide by the terms of this Order. It is the responsibility of counsel for the receiving party to ensure that any person obligated to sign Exhibit A to this Protective Order does so prior to any disclosure. A signed copy of each such agreement shall be maintained by counsel for receiving party for the duration of the Litigation and provided to counsel for the producing party within a reasonable time upon request.

8. **Inadvertent Failure to Designate.**

In the event that "Confidential" or "Highly Confidential/Attorney Eyes Only" Discovery Material is produced without having been previously marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY," the party

in receipt of that material shall, upon a written request from the producing party or person, treat or preserve such Discovery Material in accordance with the confidentiality designation that the producing party states should have been affixed to it. The producing party must then, within fourteen (14) days of learning of the inadvertent failure to designate, re-produce the Discovery Material with the appropriate confidentiality designation. The inadvertent failure of a party or person to designate Discovery Material as "Confidential" or "Highly Confidential/Attorney Eyes Only" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the Discovery Material or as to any other information relating thereto or on the same or related subject matter. However, no party shall be responsible to another for any use made of information produced hereunder and not identified or designated as "Confidential" or "Highly Confidential/Attorney Eyes Only" prior to the date on which the producing party notified the receiving party of the inadvertent failure to designate.

### 9. Inadvertent Production of Privileged Discovery Material.

Inadvertent production of any Discovery Material in the Litigation by any party or person, that such party or person later claims should have been withheld on grounds of privilege (an "Inadvertently Produced Privilege Document"), including but not limited to the work product doctrine and the attorney-client privilege, will not be deemed, in itself, to waive any privilege or work product protection either as to specific information in the Inadvertently Produced Privilege Document or as to any other information relating thereto or on the same or related subject matters. A party or person claiming privilege or other protections for an Inadvertently Produced Privilege Document may notify any party that received the Inadvertently Produced Privilege

9

Document and state the basis for withholding such Inadvertently Produced Privilege Document from production. After being notified, any receiving party must not use or disclose the Inadvertently Produced Privilege Document until the claim is resolved and must take reasonable steps to retrieve and recover the Inadvertently Produced Privilege Document if the party disclosed it before being notified.

In addition, within ten (10) business days, any receiving party must return or destroy the specified Inadvertently Produced Privilege Document and any copies it has. The producing party must retain a copy of the Inadvertently Produced Privilege Document until the resolution or termination of the Litigation. After an Inadvertently Produced Privilege Document is returned or destroyed pursuant to this Paragraph, a party may move the Court for an order compelling production of the Inadvertently Produced Privilege Document, but such party may not assert as a ground for entering such an order the mere fact of inadvertent production. If a receiving party has a good faith belief that a received document might be subject to any privilege, the receiving party shall promptly notify the producing party of the document's production

**10. Filing of "Confidential" or "Highly Confidential/Attorney Eyes Only" Material**

A party may not file in the public record in this action any "Confidential" or "Highly Confidential/Attorney Eyes Only" Discovery Material before first either giving the designating party adequate notice of the intent to file the protected material or filing with the court a motion to file under seal. This Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v.*

*Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S. D. Ohio Civ. R. 79.3.

### 11. Use of Discovery Material in Hearings or Trial.

Nothing contained in this Order shall be construed to prejudice any party's right to use at any hearing or trial before the Court any "Confidential" or "Highly Confidential/Attorney Eyes Only" Discovery Material. A party that intends to present or that anticipates that another party may present Confidential or Highly Confidential/Attorney Eyes Only Discovery Material shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential or Highly Confidential/Attorney Eyes Only information. The Court may thereafter make such orders as are necessary to govern the use of such Discovery Material at trial or hearing.

### 12. Discovery Material Subpoenaed or Ordered Produced in Other Litigation.

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Discovery Material, the receiving party must notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Discovery Material in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Discovery Material by the other party to this case.

**13. Redaction of Confidential Information.**

(a) Each party redacting information from reproduced documents subject to this Order shall prepare a log identifying the nature of the information redacted from reproduced documents in sufficient detail to allow the receiving party to determine whether a challenge to the redacted information may be appropriate. If the receiving party has a good faith basis for challenging the redaction, the receiving party shall promptly inform the producing party of such and any information that would identify clinical trial subjects or patients referred to in adverse reaction reports, product experience reports, consumer complaints and other similar data, and any third party involved with such subjects or patients, including but not limited to a health care provider, dentist, hospital or other institution; (ii) home addresses; (iii) social security numbers, other than the last four digits; and (iv) any information protected from disclosure by operation of federal or state constitutional, statutory and regulatory law protecting the privacy rights of individuals, including HIPAA. Each party redacting

information from reproduced documents subject to this Paragraph shall comply with the provisions discussed in paragraph (a) above, including the preparation of a log.

### 14. Inadvertent Disclosure of Discovery Material Designated as Confidential or Highly Confidential/Attorney Eyes Only.

Should any Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY" be disclosed, through inadvertence or otherwise, to any person or party not entitled to receive the information, then the parties intend to have such person automatically be bound by this Order and (i) such person shall be informed promptly of all the provisions of this Order by the disclosing party; (ii) such person shall be identified immediately to the producing party; (iii) the disclosing party shall use its best efforts to have such person sign Exhibit A to this Protective Order and forward a copy of the signed Exhibit A to the requesting party; and (iv) the disclosing party shall use its best efforts to retrieve and return such Discovery Material. If both parties agree that a disclosure of "Confidential" or "Highly Confidential/Attorney Eyes Only" Discovery Material was inadvertent, and the disclosing party has complied in full with this paragraph, the producing party will not seek sanctions associated with the disclosure. If the disclosing party claims that the disclosure of "Confidential" or "Highly confidential/Attorney Eyes Only" Discovery Material was inadvertent, and the producing party disagrees, the producing party agrees to meet and confer with the disclosing party before seeking sanctions associated with the disclosure.

### 15. Modification by Court.

This Order may be changed by further order of the Court, and is without prejudice to the rights of any party or non-party to move for relief from any of the

provisions, or to seek or agree to additional protection for any particular Discovery Material. Nothing in this Order shall prevent any party or non-party from applying for a modification of this Protective Order to resolve issues that may arise; or from applying to the Court for further or additional protective orders. In the event of any motion to modify this Protective Order, the receiving party shall make no disclosure of any Discovery Material designated as "Confidential" or "Highly Confidential/Attorney Eyes Only" which are at issue in such motion, until the Court enters a final order on the issue concerning the proposed modification.

**16. Post-Litigation Handling of Materials and Documents.**

Within sixty (60) days after conclusion of this Litigation, whether by final adjudication on the merits, or by other means, each party or other person or non-party subject to the terms of this Order, with the exception of the Court, shall be obligated to return, or confirm in writing that they have destroyed, all Discovery Materials, as well as any documents, logs, reports or summaries including such information.

**17. Enforcement of this Order/Jurisdiction.**

This Order shall remain in full force and effect while the Litigation is pending and after the termination of the Litigation. During the pendency of the Litigation, each party and person subject to this Order shall be subject to the jurisdiction of this Court for the purpose of enforcement of the terms of this Order. After termination of the Litigation, each party and person subject to this Order shall be subject to the jurisdiction of any court or tribunal of appropriate jurisdiction for the purpose of enforcement of the terms of this Order.

**18. Efforts to Resolve Disputes.**

The parties shall negotiate in good faith to resolve any dispute relating to any alleged violation of this Order prior to making any motion to the Court relating to any violation or alleged violation of this Order. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure, Local Rule 37.1.

### 19. Willful Violation.

Any willful violation of the terms of this Order may, in the discretion of the Court, be found to constitute a contempt of Court, which may result in sanctions to be fixed by the Court in its discretion.

### 20. Consent

The signatories hereto stipulate and consent to the issuance of this Order as an Order of the Court.

IT IS SO ORDERED

_____
Mag. Judge Karen L. Litkovitz

AGREED: August 16, 2013

/s/ Kimberly A. Conklin
Richard M. Kerger (0015864)
Kimberly A. Conklin (0074726)
KERGER & HARTMAN, LLC
33 S. Michigan Street, Suite 100
Toledo, OH 43604
(419) 255-5990
(419) 255-5997 (fax)
rkerger@kergerlaw.com
kconklin@kergerlaw.com

*Attorneys for Defendant Attachmate Corp.*

/s/ David J. Butler
David J. Butler, Trial Counsel (0068455)
Leon D. Bass (0069901)
Jason H. Beehler (0085337)
Beth A. Bryan (0082076)
TAFT STETTINIUS & HOLLISTER, LLP
65 East State Street, Suite 1000
Columbus, Ohio 43215
(614) 221-4000
(614) 221-4012 (fax)
dbutler@taftlaw.com
lbass@taftlaw.com
jbeehler@taftlaw.com
bryan@taftlaw.com

*Attorneys for Plaintiff TriHealth, Inc.*

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Trihealth, Inc., | ) | Case No. 1:12-cv-00901 |
| | ) | |
| | ) | Hon. Sandra S. Beckwith |
| Plaintiff, | ) | Mag. Judge Karen L. Litkovitz |
| | ) | |
| v. | ) | |
| | ) | |
| Attachmate Corp., | ) | |
| | ) | |
| Defendant. | ) | |

Exhibit A

## HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY AGREEMENT AFFIDAVIT

The undersigned agrees:

I hereby attest to my understanding that documents, materials or things designated "HIGHLY CONFIDENTIALIATIORNEY EYES ONLY" are provided to me subject to a Protective Order of Confidentiality in the above-captioned proceeding; that I have been given a copy of and have read this Protective Order of Confidentiality, and that I agree to be bound by its terms. I also understand that my execution of this Highly Confidential/Attorney Eyes Only Agreement Affidavit, indicating my agreement to be bound by the Protective Order of Confidentiality, is a prerequisite to my review of any documents, materials or things designated as "HIGHLY CONFIDENTIALI ATTORNEY EYES ONLY" pursuant to the Protective Order of Confidentiality.

I further agree that I shall not disclose to others, except in accordance with this Protective Order of Confidentiality, any "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY" documents, materials or things as defined therein, or any information contained in such "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY" documents, materials, or things, in any form whatsoever, and that such "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY" documents, materials or things and the information contained therein may be used only for the purposes authorized by the Protective Order of Confidentiality.

I further agree and attest to my understanding that my obligation to honor confidentiality of such "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY" documents, materials or things will continue even after this litigation proceeding concludes. I further agree that I will be subject to the jurisdiction of this Court while the litigation is pending and subject to the jurisdiction of any Court or tribunal of appropriate jurisdiction after the termination of the litigation for the purpose of any proceedings relating to enforcement of the Protective Order of Confidentiality.

Date: _____     By: _____

_____
(Print Name)